UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSSELIN OLIMPIA RUIZ BARAHONA,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, KRISTI NOEM, U.S. Secretary of Homeland Security, and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:25-cv-12551-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

October 20, 2025

TALWANI, D.J.

Pending before the court is Petitioner Josselin Olimpia Ruiz Barahona's Petition for Writ of Habeas Corpus [Doc. No. 1]. For the reasons set forth below, the Petition [Doc. No. 1] is granted as follows: No later than October 27, 2025, Petitioner must be provided a bond hearing, or, if the the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondent shall so advise the court so that this court may conduct the bond hearing.

I.  Background

Petitioner is a citizen of El Salvador who has resided in the United States for approximately 11 years. Pet. ¶ 18 [Doc. No. 1]. Petitioner entered the United States through Mexico in 2014 without inspection. Id. ¶ 19. On April 1, 2014, shortly after her entry, United States Customs and Border Patrol ("USBP") encountered petitioner and processed her for

expedited removal as inadmissible under 8 U.S.C § 1182(a)(7)(A)(i)(I) because she did not have a valid entry document. Chan Decl. ¶ 7 [Doc. No. 12-1]. Petitioner was issued an expedited removal order. Id. ¶ 8; see Pet. ¶ 20 [Doc. No. 1]. Petitioner was released from Immigration and Customs Enforcement ("ICE") custody on or about April 4, 2014. Chan Decl. ¶ 9 [Doc. No. 12-1]. Petitioner was kept on an order of supervision and was required to check in periodically with ICE. Pet. ¶ 21 [Doc. No. 1]. In 2016, while reporting to ICE Enforcement and Removal Operations, Petitioner claimed a fear of return to her home country. Chan Decl. ¶ 10 [Doc. No. 12-1].

On September 11, 2025, ICE arrested and detained Petitioner while she was attending a mandatory biometrics appointment to renew her employment authorization in Revere, Massachusetts. Id. ¶ 11; Pet. ¶ 23 [Doc. No. 1]. Petitioner was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. Chan Decl. ¶ 12 [Doc. No. 12-1]. On September 15, 2025, ICE canceled Petitioner's expedited order of removal due to her pending credible fear claim. Id. ¶ 13. Petitioner is awaiting her credible fear interview. Id. ¶ 12.

II.   Discussion

Petetitioner claims, *inter alia*, that her detention violates her Fifth Amendment right to due process. Pet. ¶¶ 27–32 [Doc. No. 1]. Respondents assert that Petitioner's detention is constitutional where "ICE's detention of Petitioner is mandated by 8 U.S.C. § 1225(b)(1)." Resp. 5 [Doc. No. 12].

Section 1225 "authorizes the detention of certain aliens seeking to enter the country." Jennings v. Rodriguez, 583 U.S. 281, 281 (2018). Detention is mandatory under Section 1225 where an alien seeking admission to the country has raised a claim of credible fear of prosecution

2

pending a final determination of that claim. See 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). An alien detained under Section 1225 "has only those rights regarding admission that Congress has provided by statute." Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020). However, "once an alien enters the country, the legal circumstance changes," and that individual's detention must be in accordance with due process. Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("the Due Process clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"). Detention of individuals already in the country is pursuant to 8 U.S.C. § 1226. See Jennings, 583 U.S. at 289 (explaining Section 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings").

Here, nothing in the record supports Respondents' assertion that Petitioner is detained under 8 U.S.C. § 1225. To the contrary, the record shows that Petitioner has never been detained "incident to . . . attempted entry into the United States" such that she is detained under Section 1225(b). Amanullah v. Nelson, 811 F.2d 1, 9 (1st Cir. 1987). The parties agree that Petitioner first entered the country without inspection. See Resp. 6 [Doc. No. 12]; Pet. ¶ 19 [Doc. No. 1]. She was thus not on "at the threshold of initial entry" when USBP first encountered her in 2014. See Thuraissigiam, 591 U.S. at 107, 139–40 (concluding individual was "on the threshold" of entry and thus an "applicant for admission" where DHS apprehended him 25 yards into U.S. territory during his attempt to enter). And when ICE later released Petitioner from custody on an order of supervision, see Pet. ¶¶ 20–21 [Doc. No. 1]; Chan Decl. ¶ 9 [Doc. No.12-1], Petitioner "effected an entry,"[1] Zadvydas v. Davis, 533 U.S. at 693, and "established connections in this

---

[1] Respondents do not contend that Petitioner was released under 8 U.S.C. § 1182(d)(5)(A), which allows DHS to temporarily release Section 1225 detainees "for urgent humanitarian reasons or significant public benefit" without changing their status as an applicant for admission.

country"—namely by residing here for over a decade and obtaining work authorization—such that her detention in 2025 must comport with constitutional due process, Thuraissigiam, 591 U.S. at 107; see also De Andrade v. Moniz, 2025 WL 2841844, at *5 (D. Mass. Oct. 7, 2025) ("[O]nce having entered, petitioner can no longer be treated as an 'applicant for admission' subject to . . . mandatory detention under § 1225.").

Accordingly, Petitioner's detention is governed by Section 1226. See Jennings, 583 U.S. at 289. Petitioner is thus entitled to a bond hearing at which the government must "either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk." Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than October 27, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondent shall so advise the court so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

October 20, 2025                                           /s/ Indira Talwani
                                                                     United States District Judge